**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **WEIS-BUY FARMS, INC.,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:13-CV-6 (HL) |
| **DELTA FRESH SALES, INC., CHRISTOPHER W. BLOEBAUM, LESLIE A. BLOEBAUM, DARBIE S. AVERA, SHAWN C. AVERA, and ELLEN S. EATON,** | |
| Defendants. | |

**ORDER**

On January 15, 2013, the Court entered a temporary restraining order ("TRO") (Doc. 13) which provided for the following:

> 1.    Defendants Delta Fresh Sales, Inc., Christopher W. Bloebaum, Leslie A. Bloebaum, Darbie S. Avera, Shawn C. Avera, Ellen S. Eaton, and Paul W. Teague, each individually, and their respective agents, officers, assigns, and any of their banking institutions, are directed not to pay, withdraw, transfer, assign, or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons, or entities until further order of this Court, or until Defendants deposit into the Registry of this Court the sum of $49,143.85.

> 2.    Pending further orders of this Court, or until such time as Defendants pay Plaintiff or deposit into the Registry of the Court the sum of $49,143.85, no banking institution holding funds for any of the Defendants shall pay, transfer, or permit assignment or withdrawal of any existing PACA trust assets held on behalf of

Defendants. Further, pending further order of this Court, or until such time as Defendants deposit into the Registry of the Court the sum of $49,143.85, no banking institution holding funds for any of the Defendants shall pay, transfer, or permit assignment or withdrawal of the corporate or personal assets of any Defendants without this Court's express written approval.

3.     If Defendants fail to deposit into the Registry of this Court the sum of $49,143.85 in full within three business days of the entry of this order, the Defendants must account to the Court and Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory, and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4.     In furtherance of such an accounting, the Court hereby directs any banking institution holding funds for any of the Defendants to turn over to Plaintiff's undersigned counsel any statement, signature cards, and other documents relating to or regarding any of the Defendants' accounts at such banking institutions within five days of receipt of this order.

5.     This order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this order on all financial institutions with which any of the Defendants do any business, may do any business with, or who may be holding any assets for or on behalf of any of the Defendants. The Defendants shall comply with this provision within three business days of the entry of this order and shall file a proof of such service within five business days of the entry of this order.

(Doc. 13).

Because a TRO by law cannot exceed 14 days, Fed.R.Civ.P. 65(b)(2), the Court set a hearing on Plaintiff's motion for preliminary injunction for January 23, 2013 at 10:00 a.m. However, on the afternoon of January 22, there was a flurry of activity in the case. Plaintiff voluntarily dismissed Paul Teague as a defendant, and filed a Joint Motion for Entry of Consent Judgment (Doc. 23) as to Defendants Delta Fresh Sales, Inc., Christopher W. Bloebaum, and Leslie A. Bloebaum.[1] In addition, Plaintiff and the remaining defendants, Shawn C. Avera, Darbie S. Avera, and Ellen S. Eaton, filed a joint stipulation to extend the TRO and reschedule the preliminary injunction hearing. (Doc. 22).

Pursuant to the parties' stipulation, and in the interest of finding an amicable resolution to this case, the TRO will be extended until and through February 6, 2013 as to Defendants Shawn C. Avera, Darbie S. Avera, and Ellen S. Eaton. The hearing scheduled for January 23, 2013 is cancelled. The preliminary injunction hearing will now be held on February 6, 2013 at 9:30 a.m., with the location to be determined.[2]

The parties have agreed to conduct expedited discovery on the involvement of the remaining defendants in the operations of Delta Fresh Sales,

---

[1] A separate order will be entered on the Joint Motion for Entry of Consent Judgment.

[2] The Court begins a trial term in Valdosta on January 28, 2013. If the Court is still in trial on February 6, the hearing will take place in Valdosta. Otherwise, it will be held in Macon. The Court will give counsel and the parties notice of the location as soon as possible.

Inc. Generally, a party may not seek discovery before the parties have conferred as required by Rule 26(f), but such expedited discovery is permitted when stipulated to between the parties. The parties are directed to immediately contact the Court if any problems arise during the limited discovery period.

Finally, upon review of the TRO, it appears that Defendants were required to take certain proactive steps upon entry of the order. As far as the Court is aware, Defendants did not deposit $49,143.85 in the Registry of the Court within three business days of the entry of the TRO. Thus, under Paragraph 3 of the TRO, Defendants were to account to the Court and Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory, and all other assets subject to the PACA trust. Further, under Paragraph 5, Defendants were to serve copies of the TRO on their financial institutions and file proofs of service within five business days of the entry of the TRO. No such proofs have been filed. Defendants Darbie S. Avera, Shawn C. Avera, and Ellen S. Eaton are ordered to comply with these provisions of the TRO and file the appropriate documents with the Court no later than January 28, 2013.

**SO ORDERED**, this the 23rd day of January, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh